# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERT MCKEEL, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-18-377-KEW
 )
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

**OPINION AND ORDER**

Plaintiff Robert McKeel (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the ALJ's decision.

Claimant completed his high school education and attended truck driving school. Claimant has worked in the past as a truck driver and mechanic. Claimant alleges an inability to work beginning January 30, 2015 due to limitations resulting from breathing problems and back pain.

**Procedural History**

On June 7, 2016, Claimant protectively filed for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application was denied initially and upon reconsideration. On December 12, 2017, Administrative Law Judge ("ALJ") Sylke Merchan conducted an administrative hearing in Oklahoma City, Oklahoma. At the hearing, Claimant amended his alleged onset date to June 7, 2016. On March 30, 2018, the ALJ issued an unfavorable decision. On September 28, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from

severe impairments, he retained the residual functional capacity ("RFC") to perform medium work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to properly develop the record.

## Duty to Develop the Record

In her decision, the ALJ determined Claimant suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD") and arthropathies. (Tr. 25). The ALJ concluded Claimant could perform medium work except that he could not have more than frequent exposure to environmental and respiratory irritants, extreme temperatures, and humidity. (Tr. 27).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of hand packager, laundry worker, and meat clerk, all of which were found to exist in sufficient numbers in the national economy. (Tr. 30). As a result, the ALJ found Claimant was not under a disability since June 7, 2016, the date of the application. Id.

Claimant contends the ALJ failed to fulfill her duty to properly develop the record. Specifically, Claimant asserts that the ALJ had a duty to order a consultative examination to obtain

5

further evaluation of his breathing problems. Claimant states that his attorney pointed out to the ALJ that one of the consultative examiners who did examine Claimant "indicated the ongoing problems with COPD, the breathing difficulties, and the possible need for a pulmonary function study." (Tr. 41). Claimant's counsel noted that no such study had been done and stated "we're leaving that in your judgment as to whether or not you want to request that following the hearing." Id. Claimant's counsel also states that he informed the Appeals Council of the omission in the record.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention

6

during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

On September 24, 2015, Claimant underwent a consultative examination with Dr. Connor Fullenwider. He noted Claimant had a diffuse wheeze on pulmonary auscultation that was worse in the left base compared with the other three quadrants. (Tr. 263). He concluded Claimant had COPD and low back pain. He stated Claimant would definitely benefit from medications for his COPD as well as pain control for his low back and joints. Dr. Fullenwider opined that it would be difficult for Claimant to perform any type of labor work and that he did not have any training in technology or management. (Tr. 264).

Claimant was evaluated by Dr. Matthew Feist on August 20, 2016. Dr. Feist also noted Claimant had diffuse inspiratory and expiratory wheeze. The exam was otherwise normal. (Tr. 278).

On May 23, 2017, Claimant was attended at Compassion Clinic. The examining medical professional concluded Claimant had probable COPD. (Tr. 281). On August 22, 2017, Claimant was found to have COPD, told to continue inhalers, and it was noted that "need complete Big 5 paperwork." (Tr. 280).

8

The ALJ noted that Claimant's COPD was a severe impairment. (Tr. 25). In evaluating Claimant's conditions at step three as to whether they met or equaled Listing 3.02 or 3.03, the ALJ acknowledged that "[t]he claimant has not had pulmonary function studies." Nevertheless, the ALJ found Claimant had "not required medical intervention of the degree of frequency anticipated by Sections 3.02 or 3.03." The ALJ concluded that Claimant had not met these listings for respiratory system impairment. (Tr. 27).

To meet Listing 3.02, Claimant must show that for his height, he had a forced expiratory volume ("FEV1") value below a certain threshold. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). Similarly, Listing 3.03 requires a showing of the FEV1 value "less than or equal to the value in Table VI-A or VI-B for your age, gender, and height without shoes (see 3.00E3a) measured within the same 12-month period as the hospitalizations in 3.03B." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Without the necessary testing to demonstrate these values, the ALJ is without sufficient information to evaluate Claimant's pulmonary condition at step three. Clearly, the record was devoid of pulmonary testing information which triggered the ALJ's duty to develop the record in this area. On remand, the ALJ shall order such testing and

9

consultative examinations as are necessary to develop this information.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

IT IS SO ORDERED this 31st day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE